IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SWISHER INTERNATIONAL INC.

                       Plaintiff,

              v.

TOP SHELF SWEETS LLC, a California Limited
Liability Company; SYNDICATE GLOBAL
ENTERPRISES LLC, a California Limited
Liability Company; DIANA VU MCDONOUGH;
and THANH VU,

                  Defendants.

------------------------------------------------------------x

**14 CV 2715**

**JUDGE FURMAN**

Case No. _____

DEMAND FOR JURY TRIAL

RECEIVED
APR 1 6 2014
U.S.D.C. S.D.N.Y.

## COMPLAINT

Plaintiff, Swisher International Inc., by its attorneys, Lucas and Mercanti, LLP, brings

this action against Defendants Top Shelf Sweets LLC, Syndicate Global Enterprises LLC, Diana

Vu McDonough, and Thanh Vu, and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement, under the Trademark Act of 1946,

15 U.S.C. § 1051, et. as amended, ("Lanham Act"), to which are appended claims of false

designation of origin, federal trademark dilution, state trademark infringement and dilution, and

unjust enrichment.

1

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 and the principle of pendent jurisdiction, since the action arises, *inter alia*, under the Lanham Act, United States Code Title 15, Chapter 22 and involves infringement of Plaintiff's federally registered trademarks under 15 U.S.C. § 1114(a), unfair competition under 15 U.S.C. § 1125(a), and because this court has pendent jurisdiction over the state law claims under 28 U.S.C. § 1338(b). Although no allegation of jurisdictional amount is required because jurisdiction is based on federal question, the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy five thousand dollars ($75,000).

3.      This Court has personal jurisdiction over the Defendants because Defendants solicit business in this Judicial District, sell and offer for sale goods expecting their acts to have consequences in this district and the goods the subject of this action continue to be sold to consumers in New York State, including in this district.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5.      Plaintiff, Swisher International Inc. ("Swisher"), is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 459 East 16th Street, Jacksonville, FL 32206.

6.      Upon information and belief, Defendant Top Shelf Sweets LLC ("TSS") is a California Limited Liability Company with its address of record at 15893 Las Flores St., Fountain Valley, CA 92708, and does and/or transacts business in this district.

2

7.     Upon information and belief, Syndicate Global Enterprises LLC ("SGE") is a California Limited Liability Company with its address of record at 3553 Atlantic Ave #1553, Long Beach, CA 90807 and does and/or transacts business in this district.

8.     Upon information and belief, Diana Vu McDonough ("McDonough") is the owner of TSS, is one of the active and driving forces behind TSS, and has an address at 15893 Las Flores St., Fountain Valley, CA 92708.

9.     Upon information and belief, Thanh Vu ("Vu") is the owner of SGE, is one of the active and driving forces behind SGE, and has an address at 3553 Atlantic Ave #1553, Long Beach, CA 90807.

10.     Upon information and belief, Defendants McDonough and Vu, individually and through the companies TSS and SGE, transact and/or do business in this district, and are actively and regularly engaged in the manufacture and/or sale of the goods complained herein.

## FACTS COMMON TO ALL CLAIMS

11.     Swisher is an international cigar company founded in the United States in 1861. Today, Swisher is a leader in the tobacco business, accounting for one third of the nation's cigar sales and standing as America's largest cigar exporter. Swisher's brands are available for purchase by the public in shops throughout the world and via select internet vendors.

12.     Swisher has used the SWISHER SWEETS mark for tobacco products for many decades. Since 1962 Swisher has owned a federal registration for the mark SWISHER SWEETS for cigars, and has made continuous use of its mark for more than half a century. In addition to SWISHER SWEETS, Swisher has used the close variant SWISHER SWEETIES, since at least as early as January of 2004 and has obtained a federal registration for this trademark in 2006.

13.    One of the most recognized elements appearing on Swisher's products is a logo comprised of a shield and a wreath ("Shield Logo"). The Shield Logo has been used as a trademark in connection with Swisher's cigars, tobacco products and other tobacco-related promotional items ("Swisher's Products") since at least as early as 1959.

14.    More recently, Swisher has started using its Shield Logo also in conjunction with a line of electronic cigarettes and related smoking articles.

15.    Plaintiff Swisher owns federal registrations for the following trademarks ("Plaintiff's Trademark Registrations"):

| U.S. Registration Number | Trademark | Description of Goods |
|---|---|---|
| 4,361,469 |  ("Shield Logo") | Cigars in International Class 34 |
| 4,314,536 |  ("E SWISHER and Design") | Electronic Cigarettes and Electronic Cigars in International Class 34 |
| 735,560 |  ("SWISHER SWEETS and Design") | Cigars in International Class 34 |
| 4,387,127 | SWISHER SWEETS TROPICAL FUSION | Cigars in International Class 34 |

| 3,088,359 | SWISHER SWEETIES | Clothing and other goods in International Class 25; Tobacco and smoker's articles in Class 34 |
| 1,729,732 | SWISHER SWEETS | Cigars and chewing tobacco International Class 34 |

Copies of Plaintiff's U.S. trademark registrations including supplemental information on the status and ownership of these registrations, are attached as **Exhibit A.**

These registrations are in full force and effect. The registrations for "SWISHER SWEETS and Design" (U.S. Reg. No. 735,560), "SWISHER SWEETIES" (U.S. Reg. No. 3,088,359), and SWISHER SWEETS (U.S. Reg. No. 1,729,732) are incontestable and thus constitute conclusive evidence of the validity of the marks of those registrations, Swisher's ownership thereof, and its conclusive right to use the marks throughout the United States.

Four of these trademarks include the term "SWEETS" and through their use, have established use of the term "SWEETS" with Swisher in the minds of the consuming public.

16.     Swisher also has common law rights in the marks of the registrations based on its use in commerce in the United States, namely in Shield Logo, E SWISHER and Design, SWISHER SWEETS and Design, SWISHER SWEETIES, and SWISHER SWEETS ("Common Law Trademarks").

17.     Since at least as early as 1959, Swisher's packaging and trade dress for its line of SWISHER SWEETS cigars has prominently displayed various iterations of the Shield Logo. The products have had a similar and distinctive trade dress ("Swisher Trade Dress"), as shown by the following images of the Swisher product line.

5



SWISHER'S LINE OF CIGARILLOS



SWISHER'S LINE OF FILTERED LITTLE CIGARS



SWISHER'S LINE OF DISPOSABLE ELECTRONIC CIGARETTES



SWISHER'S LINE OF RECHARGEABLE KIT FOR ELECTRONIC CIGARETTES

The Swisher Trade Dress is characterized by (i) use of the Shield Logo near the bottom of the packaging, (ii) the Shield Logo having different characteristic colors of brown, orange, blue, green and red, (iii) the Shield Logo against a white background, and (iv) the term "SWEETS" inside the Shield Logo.

Plaintiff's Trademark Registrations and Common Law Trademarks are collectively referred to as "Plaintiff's Trademarks". Together with Swisher's rights in its Shield Logo, and

Trade Dress (collectively "Swisher IP"), they are in the minds of consumers the identifiers of Swisher's high-quality products.

18.     Swisher has spent a considerable amount of money and exercises great effort in advertising, promoting, and establishing the Swisher IP in the minds of consumers as identifiers of Swisher's high-quality products.

19.     Through long and widespread use in U.S. commerce, combined with continuous and extensive advertising, promotion, distribution and sale of Swisher's products, the Swisher IP, including even its Trade Dress alone, has acquired secondary meaning as to the source of the products, and the products have attained a recognized reputation and fame among not only cigar smokers but also the general public.

20.     Many of Swisher's products and marketing materials bear the inherently distinctive "Shield Logo". Such Shield Logo has acquired additional distinctiveness through the substantial sale and advertising of Swisher's products having such Shield Logo over many decades.

21.     For many years, Swisher has owned various domain names (swisher.com; swishersweets.com; swishersweeties.com; swishersweetscigarillos.com, etc.) and maintains live website associated therewith. The goodwill of the business associated therewith in the United States are of great and incalculable value, and have become associated in the public mind with the products of very highest quality and reputation originating from Plaintiff.

### DEFENDANTS' MARKS AND PRODUCTS

22.     On information and belief, Defendants, without authority or license from Plaintiff, started advertising and selling a line of liquid solutions and vapor flavors for electronic cigarettes, named TOP SHELF SWEETS, which bears (i) Swisher's iconic Shield Logo near the

bottom of its packaging, (ii) the Shield Logo having different colors of brown, orange, blue, green and red, (iii) the Shield Logo against a white background, and (iv) the term "SWEETS" inside the Shield Logo, all similar to and using the Trade Dress of Plaintiff, and also using marks so similar to Plaintiff's Trademark Registrations and Common Law Trademarks, thus creating a likelihood of confusion with Plaintiff's IP. A representative sample of some of Defendants' "e-liquid" products ("Defendants' Products") is shown below.






23.     On information and belief, Defendants sell their Products directly to the consuming public, primarily through the website at http://www.tssweets.com. On information and belief, defendants' Products are also advertised and sold to consumers residing in the State

of New York. On information and belief, the domain name TSSWEETS.COM is being used by

SGE.

 24. On information and belief, Defendants' Products are also available for purchase

through the following distributors:

- Vape-Solution
  Suite C
  645 S State College Blvd
  Fullerton, CA 92831
  (714) 870-0605

- Vapor Junkies
  20781-3 Amar Rd
  Walnut, CA 91789
  (909) 595-0255

- Lowkivapor
  2nd Floor
  12112 Brookhurst St #13
  Garden Grove, CA 92840

- Vape Kings
  Westfield Plaza Bonita
  3030 Plaza Bonita Rd
  National City, CA. 91950
  619-600-2727

- Bama Vapor
  152 West Valley Avenue
  Birmingham, Alabama 35209
  (205) 983-7957

- Vape Street
  Suite 207
  17510 Pioneer Blvd
  Artesia, CA 90701
  (562) 924-8787

- Venice Vapor Lab
  13464 W Washington Blvd
  Marina del Rey, CA 90292
  (310) 751-6598

- Elite Vapor Shop
  5771 N Palm Ave
  Fresno, CA 93704

- Vapors SmokeShop
  Suite C
  7303 Abercorn St
  Savannah, GA 31406
  912-208-3838

- Hookah Dynasty
  1212 Summit Ave
  Jersey City, NJ 07307
  201-497-0461

- Liquid Vape
  12754 La Mirada Blvd.
  La Mirada, CA 90638
  562-902-0600

25.     On information and belief, Defendants were aware of Swisher's extensive line of

tobacco products and smoker's articles, as well as Plaintiff's Trademarks, Trade Dress, and the

Shield Logo, and/or chose to use the same or a slavish reproduction for their products, and for

their advertising and in their internet domain name http://tssweets.com. A copy of various pages

from Defendants' website is annexed as **Exhibit B**.

26.     The use by Defendants of the Shield Logo, with or without the SWEETS mark,

and the use of the website address TSSWEETS.COM, renders the sale and marketing of the

Defendants' Products likely to cause confusion and deceive the public into purchasing

Defendants' Products believing that Defendants' products are sourced from or associated with

Swisher, or that there is a connection, association or endorsement between Defendants, Swisher

and its products.

27.     The unauthorized activities of Defendants result in immediate and irreparable

harm and injury to Swisher. Among other harms, these activities deprive Swisher of its absolute

right to determine the manner in which its image is presented to the general public through merchandising; deceive the public as to the origin and sponsorship of the Swisher Products; and wrongfully trade upon Swisher's reputation and exclusive rights in and to Plaintiff's Trademarks and Trade Dress.

28.   By misappropriating and using the Shield Logo, the name SWEETS and/or copying of the Swisher's Trade Dress, Defendants have misrepresented and falsely described to the general public the origin and source of the Defendants' Products so as to deceive the public and deliberately create a likelihood of confusion by the purchasers and by others as to the source of sponsorship of Defendants' Products.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)

29.   Swisher repeats, reiterates and realleges the allegations set forth in paragraphs 1 through 28 of this Complaint as if fully set forth herein. Defendants' use of the Shield Logo, with or without the word SWEETS of Plaintiff's SWISHER SWEETS mark, in connection with Defendants' Products, and on the website associated with the domain name http:// www. tssweets.com, infringes upon Swisher's exclusive rights in its federally registered trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114. Upon information and belief, Defendants, having full knowledge of Swisher's rights in Plaintiff's Trademarks, offer for sale and/or sell products bearing a mark that is similar to Swisher's Registered Trademarks in order to falsely give Defendants' Products the mistaken appearance of belonging to, originating from or being associated with Swisher.

30.     Defendant's acts which infringe Swisher's Shield Logo mark with consequent damage to Swisher itself and the business and goodwill symbolized by the Shield Logo are in violation of Section 32 of the Lanham Trademark Act (15 U.S.C. § 1114).

31.     Defendants' acts of infringement of the Shield Logo and SWISHER SWEETS trademarks for commercial purposes and financial gain have caused and are causing great and irreparable injury to Swisher, to the Shield Logo and SWISHER SWEETS trademarks, and to the business and goodwill represented by the Shield Logo and SWISHER SWEETS trademarks, in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Swisher with no adequate remedy at law.

32.     Defendants' acts have been willful, deliberate, and intended to benefit Defendants at Swisher's expense.

33.     By reason of the foregoing, Swisher is entitled to injunctive relief against Defendant and, after trial, to recover any damages proven to have been caused by reason of Defendants' acts of trademark infringement, and for enhanced damages and attorneys' fees due to Defendants' willful and deliberate infringement.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

34.     Swisher realleges and incorporates the allegations in paragraphs 1 through 33 of this Complaint as if set forth at length herein.

35.     Defendants' use of the Swisher IP in the manner described herein is likely to cause consumers to mistakenly believe that Defendant has an affiliation with Swisher, that Defendants' goods are sponsored or approved by Swisher, or that Defendant is otherwise associated with or has obtained permission from Swisher.

36.     Defendants' acts of unfair competition and false advertising have caused irreparable injury to Plaintiff's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

37.     By reason of the foregoing, Swisher is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by Defendants' acts of false designation of origin, and for enhanced damages and attorneys' fees due to Defendants' willful and deliberate infringement.

## COUNT III
## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

38.     Swisher realleges and incorporates the allegations in paragraphs 1 through 37 of this Complaint as if set forth at length herein.

39.     Defendants' use of Swisher's famous Shield Logo mark in the manner described above creates an association in the minds of consumers arising from the similarity between the infringing mark and Swisher's famous Shield Logo mark that impairs the distinctiveness of the Shield Logo mark and harms the reputation of the Shield Logo mark.

40.     Defendants' use of a confusingly similar variation of Swisher's famous SWISHER SWEETS mark in the manner described above creates an association in the minds of consumers arising from the similarity between the infringing mark and Swisher's famous Shield Logo that impairs the distinctiveness of the SWISHER SWEETS mark and harms the reputation of the SWISHER SWEETS mark, thus diluting plaintiff's trademarks.

41.     By reason of the foregoing, Swisher is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by Defendants'

acts of dilution, and for enhanced damages and attorneys' fees due to Defendants' willful and deliberate infringement.

### COUNT IV
### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, INJURY TO BUSINESS REPUTATION, AND DILUTION UNDER NEW YORK STATE COMMON LAW AND N.Y. GEN. BUS. LAW § 360-1

42.     Swisher realleges and incorporates the allegations in paragraphs 1 through 41 of this Complaint as if set forth at length herein.

43.     Defendants' acts as described herein constitute trademark infringement, unfair competition, injury to business reputation, and dilution in violation of Swisher's rights under the common law of the State of New York and N.Y. Gen. Bus. Law § 360-1.

44.     By reason of the foregoing, Swisher is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by Defendants' acts of dilution, and for enhanced damages and attorneys' fees due to Defendants' willful and deliberate infringement.

### COUNT V
### UNJUST ENRICHMENT

45.     Swisher realleges and incorporates the allegations in paragraphs 1 through 44 of this Complaint as if set forth at length herein.

46.     Defendants' use of the Swisher IP in the manner described above is likely to cause consumers to mistakenly believe that Defendants have an affiliation with Swisher, that Defendants' goods are sponsored or approved by Swisher, or that Defendants are otherwise associated with or have obtained permission from Swisher.

14

47.     Upon information and belief, Defendants has been or will be enriched at Swisher's expense by their unauthorized and unlicensed use of the Swisher IP.

48.     All enrichment that Defendants' has received or will receive from its use of the Swisher IP is a result of Defendants' unauthorized use of the Swisher IP. Accordingly, all such enrichment is unjust and should, in equity and good conscience, be returned to Swisher.

49.     As a result of Defendants' unauthorized and unlicensed use of the Swisher IP, Swisher has been and will continue to be irreparably harmed unless Defendant and all persons or entities acting on its behalf, in concert with it, or as its agents are permanently enjoined from using the Swisher IP. Swisher has no adequate remedy at law.

50.     As a result of Defendants' unauthorized and unlicensed use of the Swisher IP, Defendant has been unjustly enriched at the expense of Swisher in an amount in excess of this Court's jurisdictional requirement and according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff as follows:

A.     Declare that Defendants' unauthorized conduct violates Swisher's rights under the Lanham Act, the common law of New York, and the New York General Business Law;

B.     Immediately and permanently enjoin Defendants and Defendants' agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from:

> (1) continuing to advertise electronically or by any other means, or to offer for sale the line of liquid solutions and vapor flavors for electronic cigarettes, any other present or future tobacco product, smokers' article or smoking cessation device

15

that uses the shield logo or any subsequent version or revision incorporating any of Swisher's Trademarks, or Trade Dress;

(2) using the designation "SWEETS" or any other part or similar designation of Swisher's Trademarks;

(3) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public; or to lead consumers into the belief that products or services sold, offered for sale, or distributed by Defendants are authorized, sponsored, licensed, endorsed, promoted, or condoned by Swisher; or to lead consumers to the belief that Defendants are otherwise affiliated with or connected to Swisher;

(4) diluting in any way Swisher's Shield Logo or representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by Defendants are offered, provided by, or approved by Swisher, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such products and services;

(5) otherwise competing unfairly with Swisher in any manner;

(6) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(7) aiding any other party in doing any acts prohibited by this paragraph.

C. Direct Defendants to provide a complete accounting of their infringing activities, and any profits obtained therefrom.

D.  Order Defendants to deliver up for impoundment, during the pendency of this action, and for destruction upon entry of judgment, all products, labels, signs, prints, packages, wrappers, receptacles, advertisements and other material which is intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of goods on or in connection with such use which is likely to cause confusion, or to cause mistake or to deceive, which infringes Plaintiff's rights, falsely designating source or origin, or otherwise facilitating Defendant's unfair competition with Plaintiff;

E.  Order Defendants to notify all third party search engine operators of this order and request that such operators assure that there is no association between any of Plaintiff's marks with any website operated by Defendant;

F.  Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on Swisher within thirty (30) days after service on Defendant of the requested preliminary or permanent injunction order a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.  Award restitution to Swisher in the amount of Defendants' profits;

H.  Award damages to Plaintiff for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117(a);

I.  Award Plaintiff its costs and attorney's fees pursuant to 15 U.S.C. § 1117(a) and (b);

J.  Award enhanced damages to Plaintiff of three times the amount of actual trademark damages and profits pursuant to 15 U.S.C. § 1117(a) and (b);

K.  Order the destruction of trademark infringing and counterfeit articles pursuant to 15 U.S.C. § 1116(a); and

L.  Award Swisher such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

Dated: April  16 , 2014                    By:

Peter J. Phillips
Paolo A. Strino
Donald C. Lucas

LUCAS & MERCANTI LLP
30 Broad St., 21st Floor
New York, NY 10004
Tel: (212) 661-8000
Fax: (212) 661-8002
pphillips@lmiplaw.com
pstrino@lmiplaw.com
dcl@lmiplaw.com
info@lmiplaw.com

ATTORNEYS FOR PLAINTIFF
Swisher International, Inc.